# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**TRAVIS DELANEY WILLIAMS**,

                Plaintiff,

  v.                                **Case No. 14-cv-1078-pp**

**DAVE STAUCHIE,**
**MR. ISAAC,**
**ALVIN BIRDICK,**
**MEGAN KEEFER, and**
**GUARD RAY,**

                Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL (DKT. NO. 94)

---

On April 7, 2016, the court received a six-page document from the plaintiff asking Judge Pamela Pepper to withdraw from all four of his cases pending in this court: Case Nos. 14-cv-452-pp, 14-cv-792-pp, 14-cv-1078-pp, and 14-cv-1594-pp. Dkt. No. 94. The plaintiff says that he has been prejudiced by the court's decisions in each of these cases.

The plaintiff specifically takes issue with a number of decisions the court made in its March 14, 2016 order in this case. Dkt. No. 78.  For example, he argues that the court abused its discretion when it denied his motion to appoint counsel, and denied his motion for partial summary judgment, and took a different position regarding discovery than it took in an order in Case No. 14-cv-792-pp. These arguments challenge the legal bases for the court's decision, not the court's ability to be fair. A party who wishes a court to reconsider the legal bases for a decision should file a motion under either Fed.

1

R. Civ. P. 59 or 60, not a motion for recusal. Nevertheless, the court will consider the plaintiff's arguments in the context of his request that Judge Pepper recuse herself.

Two statutes exist for disqualifying a judge in a federal case, 28 U.S.C. §§ 144 and 455. Section 144 requires a federal judge to recuse herself for "personal bias or prejudice." Section 455(a) requires a federal judge to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," and under §455(b)(1), a judge *shall* disqualify herself if she "has a personal bias or prejudice concerning a party." Because the phrase "personal bias and prejudice" found in §144 mirrors the language in §455(b), the court may consider recusal under both statutes. Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000).

In deciding whether a judge must disqualify herself under 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced the judge was biased. Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996) (internal quotation omitted). Recusal under §455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." Id. "The purpose of the statute 'is to preserve the appearance of impartiality.'" Weddington v. Zatecky, 721 F.3d 456, 461 (7th Cir. 2013) (quoting United States v. Johnson, 680 F.3d 966, 979 (7th Cir. 2012)). Judicial rulings alone, however, almost never constitute a valid basis for a motion to recuse based on bias or partiality. Liteky v. United States, 510 U.S. 540, 555 (1994).

2

Section 144 provides that when a party makes and files a timely and sufficient affidavit alleging that the judge has a personal bias or prejudice against either him or in favor of the adverse party, the judge should proceed no further and another judge should be assigned to the proceeding. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. §144. The factual statements in the affidavit must support an assertion of actual bias, and must be definite as to times, places, persons, and circumstances. <u>United States v. Balistreri</u>, 779 F.2d 1191, 1199 (7th Cir. 1985).

The plaintiff's motion states that he is filing it "under 28 U.S.C. §1746." Section 1746 states that if a law requires a person to submit a sworn declaration or affidavit, a person may comply with the affidavit requirement by submitting an unsworn declaration, in writing, if (a) the persons subscribes that the declaration is true under penalty of perjury, (b) dates the declaration, (c) and substantially complies with the following format: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

What the plaintiff filed is neither a sworn affidavit, nor does it comply with the unsworn declaration requirements of §1746. The motion the plaintiff filed does not indicate that it is true under penalty of perjury. It does not contain the declaration described above. It is not dated.

More to the point, it does not contain any facts or allegations demonstrating that Judge Pepper has a personal bias against him, or in favor

3

of any other party. It does not describe anything that Judge Pepper did (other than making legal decisions that the plaintiff disagrees with) to show actual bias toward him. It does not describe definite times, places, persons or circumstances that would support an allegation that Judge Pepper is biased against him. There is one instance in the motion, on page 3, where he states, "The Judge does not reside with the plaintiff and does not take into consideration documents submitted in support of his psychotropic meds being discontinued. The plaintiff states with extreme clarity this Judge is biased against him." Dkt. No. 94 at 3. This is the only place in the motion in which the plaintiff mentions "bias," and he does not explain how the fact that Judge Pepper does not reside with him, or the fact that his medication had been discontinued, showed that Judge Pepper was biased.

The plaintiff does argue that because the court mentioned in its March 14, 2016 order that it had many cases before it, and thus had not ruled on the plaintiff's motions as quickly as he would like, that Judge Pepper should not preside over his cases. Dkt. No. 94 at 5-6. Again, this argument does not demonstrate that Judge Pepper is biased against the plaintiff.

Throughout the remainder of the motion, the plaintiff argues that Judge Pepper "abused her discretion" in making certain decisions, or "erred" in making certain decisions. These arguments challenge, as the court indicated above, the legal bases for Judge Pepper's decisions. "Adverse rulings do not constitute evidence of judicial bias." Thomas v. Reese, 787 F.3d 845, 849 (7th Cir. 2015) (citing Liteky v. United States, 510 U.S. 540, 555 (1994); Williams v.

Illinois, 737 F.3d 473, 476 (7th Cir. 2013). The plaintiff points to nothing other than his belief that the judge should have made different legal decisions in his case to support his request that Judge Pepper recuse herself. These allegations do not demonstrate bias or prejudice, and do not disqualify the court under either §§144 or 455.

The court **DENIES** the plaintiff's motion for recusal. Dkt. No. 94. The court **ORDERS** the clerk of court to docket this order in each of the plaintiff's pending cases, and terminate the motion for recusal docketed in each case.

Dated in Milwaukee, Wisconsin this 19th day of April, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge