UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

        Plaintiff,

v.

        Case No. 14-cv-1594-pp

REBECCA SWENSON,
DR. JANE DOE,
NURSE JANE DOE 2,
NURSE JULIE,
CORPORAL PARKER,
DAVID G. BETH,
GUARD ULEMAN, and
KURT MIKUTIS,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 87), DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60 (DKT. NO. 87), AND DENYING PLAINTIFF'S MOTION FOR RELIEF (DKT. NO. 88)**

        On May 26, 2016, the court entered an order resolving the then-pending motions. Dkt. No. 85. On June 2, 2016, the court received several motions from the plaintiff, which are dated May 27, 2016 and May 23, 2016. Dkt. Nos. 87, 88. Because the court mailed its May 26, 2016 order to the plaintiff on May 26, 2016, it is likely that he prepared these most recent motions before he received the court's order.

        The plaintiff's motion for relief, which indicates that he signed it on May 23, 2016, references Federal Rule of Civil Procedure 60. Dkt. No. 88. In the motion, the plaintiff asks the court to set a scheduling order under Fed. R. Civ.

1

P. 16, and to rule on his previously-filed motions to compel discovery and to add claims. Id.

Rule 60 of the Federal Rules of Civil Procedure describes how a party in a civil case may obtain relief from a judgment or an order. The court has not entered judgment in this case. The plaintiff does not identify an order from which he wants relief. The plaintiff asks the court to issue a scheduling order; the court will do that, *after* his complaint has been served on the three defendants he recently identified (defendants Butler, Keefer and Bennett) and those defendants have filed their answers. In its May 26, 2016 order, the court ruled on the motions the plaintiff mentions. The court will deny the motion for relief as moot.

The plaintiff's Motion to Amend Under F.R.C.P. 15 Complaint to Add Claims That Related to This Case indicates that the plaintiff signed it on May 27. Dkt. No. 87. In this motion, he cites to Rules 15 and 60. In this motion, he states that he asked the court back in December 2015 to allow him to add claims (and refers to Fed. R. Civ. P. 20), and asks the court to rule on that motion. The court has reviewed the docket for filings in December 2015. The court did not receive any motions to add claims from the plaintiff between December 1, 2015 and December 31, 2015. The court *did* receive a motion responding to the defendants' affirmative defenses, and in the body of that motion, the plaintiff asked to "add" certain claims. Dkt. No. 29. The court received this motion on November 17, 2015. Id. The court denied this motion in its May 26, 2016 order. Dkt. No. 85 at 17.

In the caption of his motion, the plaintiff states, "alternatively motion for relief under F.R.C.P. 60." Dkt. No. 87 at 1. As explained above, Rule 60 allows a plaintiff to obtain relief from a judgment, but the court has not entered a judgment in this case. The court will deny this motion as moot.

The court advises the plaintiff that until the three newly-identified defendants file their answer to the complaint, the court isn't in a position to take any further actions. Once the newly-identified defendants file their answers, the court will issue a scheduling order, and the case will move forward.

The court **DENIES AS MOOT** plaintiff's motion to amend complaint. Dkt. No. 87. The court also **DENIES AS MOOT** plaintiff's motion for relief under Rule 60. Dkt. No. 87. The court **DENIES AS MOOT** the plaintiff's motion for relief. Dkt. No. 88.

Dated in Milwaukee, Wisconsin this 6th day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge