UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

v.               Case No. 14-cv-1594-pp

REBECCA SWENSON,
KAREN BUTLER,
MEGAN KEEFER,
JULIE BENNETT,
CORPORAL PARKER,
DAVID G. BETH,
GUARD ULEMAN, and
KURT MIKUTIS,

    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL (DKT. NO. 102), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 103), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 138), DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES (DKT. NO. 139), DENYING PLAINTIFF'S 62(B) MOTION TO STAY (DKT. NO. 140), DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 146), DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 147), DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S PROPOSED FINDINGS OF FACT (DKT. NO. 151), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 152), DENYING DEFENDANT KAREN BUTLER'S MOTION TO STRIKE PLAINTIFF'S PROPOSED FINDINGS OF FACT (DKT. NO. 160), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 171), DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 180), AND GRANTING PLAINTIFF'S MOTION UNDER RULE 43(A), *ET AL.* (DKT. NO. 206)**

---

    The court allowed the plaintiff, a state prisoner, to proceed on claims regarding the medical care he received for osteoarthritis while he was housed at the Kenosha County Jail. Dkt. No. 12. Between May and August 2016, the

court entered three orders resolving outstanding motions in this case[1] (dkt. nos. 85, 90 and 95); it also issued an amended scheduling order that provided a discovery deadline of October 10, 2016 and a summary judgment deadline of November 10, 2016. Dkt. No. 99.

Since then, the plaintiff has filed ten motions—not including his summary judgment filings. The defendants have filed motions for summary judgment, as well as filing two motions to strike some of the plaintiff's filings. This order resolves the *non-dispositive* motions only; the court will rule separately on the motions for summary judgment.

1.  Plaintiff's Third Motion to Appoint Counsel (Dkt. No. 102)

On October 3, 2016, the court received the plaintiff's third motion to appoint counsel. Dkt. No. 102. The plaintiff reiterates that he has been denied access to the Columbia Correctional Institution library; he emphasizes that he has suffered a total denial of access. Id. at 1-2. The plaintiff again asserts that he was being retaliated against at CCI, and explains to the court that he has filed suit asking for a preliminary injunction against the staff who retaliated against him, but that the district court in the Western District has not yet heard the motion for preliminary injunction. Id. The plaintiff reminds the court that he has only a sixth-grade education, and that he has needed to rely on other inmates to help him prepare legal documents. He says that despite these facts, the court already has forced him to go through two motions for summary judgment with prisoner help in the day room due to his lack of access to the

---

[1] The plaintiff has other cases pending before this court.

law library. Id. at 3. He also indicates, in response to the court's prior question about whether he could do research without having to physically go to the law library, that he previously provided the court with evidence that the law librarian had told him he could not buy copies of court opinions. Id. at 2-3. He argues that no one in his situation could file lucid legal documents, and that the court is holding him to a higher standard than it would a high-priced lawyer. Id. at 2-3.

The court has said this before in other orders: to decide whether to appoint counsel, the court must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013) (citing Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007)). The court looks not just to the plaintiff's ability to try the case, but also his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The ample record before the court shows that the plaintiff has been able to use discovery to gather evidence, and has been able to present a motion for summary judgment and respond to three separate motions for summary judgment. He also filed and responded to numerous other motions. The court has no doubt that preparing these documents under the circumstances the plaintiff describes is difficult and time-consuming for the plaintiff. But with his sixth-grade education and the other difficulties he suffers, the plaintiff has filed more motions than many inmates who have more education—and the court

believes (despite the plaintiff's hints to the contrary) that it has understood his motions.

The court continues to believe that at this point, the plaintiff is able to represent himself, albeit with some difficulty. The court will deny the plaintiff's third motion to appoint counsel without prejudice. If any of the plaintiff's claims survive summary judgment and head to trial, the plaintiff may renew his motions at that time.

2.  Plaintiff's Motion to Compel (Dkt. No. 103)

On October 17, 2016, the court received from the plaintiff a motion to compel defendant Butler to respond to two sets of requests for production of documents. Dkt. No. 103. The motion was signed on October 5, 2017, twelve days before the court received it and two days after the court received his third motion for appointment of counsel. Id. In the motion, the plaintiff indicates that he twice sent the requests to the attorney, and that both times, he included language asking to confer. Id. In response, counsel for Butler indicates that Butler has responded to the requests. Dkt. No. 104. Counsel further notes that the plaintiff mailed his requests on September 4, 2016, and October 1, 2016, but then filed his motion to compel *before* the thirty-day period for Butler to respond had expired. Id.

The court previously has advised the plaintiff about how to meet and confer before bringing a motion to compel, but the plaintiff did not follow those instructions here. Perhaps more relevant, the plaintiff did not give Butler the opportunity to respond to his requests before asking for the court to intervene.

4

The plaintiff's first request for production was signed on September 4, 2016; it appears the defendant may have received it on September 12, 2016. That means she had until October 12, 2016 to respond. The plaintiff, however, dated his second request October 1, 2016—almost two weeks before the deadline for Butler to respond to the first request. The second request was not timely. The court had ordered the parties to "serve all requests for discovery by a date sufficiently early so that all discovery [was] completed no later than October 10, 2016." Dkt. No. 99 at 1. Preparing a discovery demand on October 1, 2016 (which it appears the defendant received on October 7, 2016) did not give the defendant sufficient time to respond before the October 10, 2016 deadline.

Because the plaintiff did not comply with the court's instructions about meeting and conferring, because he did not give the defendant sufficient time to respond, and because the defendant has responded to the plaintiff's discovery demands, the court will deny the plaintiff's motion to compel.

3.  Plaintiff's Motion for Extension of Time (Dkt. No. 138)

On November 10, 2016, the court received from the plaintiff a motion for extension of time to respond to the defendants' motions for summary judgment. Dkt. No. 138. The plaintiff asked the court to extend the deadline for him to respond to the nurse defendants' motion for summary judgment to January 3, 2017. Dkt. No. 138. He asked the court to rule on his motion for summary judgment before ruling on the defendants' motions, and he mentioned that, at that time, he had to prepare for a hearing in a criminal case on November 1, 2016. Id. Despite these arguments, the court received the

5

plaintiff's response to the nurse defendants' motion on November 22, 2016. Dkt. Nos. 154-58. The court considers that response timely, and will deny the plaintiff's motion for extension of time as moot.

4.  <u>Plaintiff's Motion for Leave to File Excess Pages (Dkt. No.139)</u>

In his motion for leave to file excess pages, which the court received on November 10, 2016, the plaintiff anticipated that he would need 120 pages to respond, because he needed to refer to sections of his motion for summary judgment and needed to point to numerous exhibits already in the record. Dkt. No. 139. As the court indicated above, it received his responsive brief on November 22, 2016. Dkt. No. 154. That brief was only twenty-eight pages long, fewer than the thirty pages allowed by Civil Local Rule 7(f). The court will deny the motion for leave to file excess pages as moot.

5.  <u>Plaintiff's Motion to Stay Under Rule 62(b) (Dkt. No. 140)</u>

On November 10, 2016, the court received a document that the plaintiff titled "Motion Under Federal Rule Civil Procedure 62(B)." Dkt. No. 140. In the first paragraph of the motion, the plaintiff asked the court to "stay the recently file[d] motion for summary judgment filed by [the nurse defendants]."[2] <u>Id.</u> The plaintiff argues that, because he filed *his* motion for summary judgment first, the court should deem *the defendants'* motion moot, and instead require them to respond to his motion. <u>Id.</u>

In its amended scheduling order, the court stated that "[p]arties" had to file their dispositive motions and briefs by November 10, 2016. Dkt. No. 99 at

---

[2] The nurse defendants' motion appears at Dkt. No. 116; the court received it on October 31, 2016.

6

1. Any party may file a dispositive motion, as long as that party files the motion by the deadline the court sets. It is not unusual for both sides, and several parties, to file summary judgment motions, asking the court to rule in their favor. Often, depending on how far ahead of the dispositive motions deadline a party files a dispositive motions, the briefing deadlines may be different for each party.

It is possible that, because the plaintiff filed his motion for summary judgment on October 27, 2016, and the nurse defendants filed *their* motion on October 31, 2016, the plaintiff thought that the nurse defendants either didn't realize he'd filed his motion, or didn't plan to respond to his motions. That is understandable. But if the defendants wanted to file their own summary judgment motion, they had to do so before the deadline the court had set, and that deadline was set to expire before the deadline for the defendants to respond to the plaintiff's motion. The nurse defendants later filed timely responses to the plaintiff's motion for summary judgment.

The court will deny the plaintiff's motion to "stay" the nurse defendant's summary judgment motion, or to deem it moot.

6.  Plaintiff's Motion to Strike Defendant Butler's Motion for Summary Judgment   (Dkt. No. 146)

The court received this motion on November 17, 2016, a week after the Kenosha County defendants filed their motion for summary judgment. Dkt. No. 146. The plaintiff makes the same argument in this motion as he made in the motion to deem the nurse defendants' summary judgment motions moot: he argues that because he filed his summary judgment motion first, the court

should strike the Kenosha County defendants' motion. For the same reasons that the court denied the motion at Dkt. No. 140, the court will deny this motion.

7.  Plaintiff's Motion to Strike the Nurse Defendants' Motion for Summary Judgment (Dkt. No. 147)

The court received this motion on November 17, 2017, dkt. no. 147, but it relates back to the nurse defendants' October 31, 2017 motion for summary judgment (dkt. no. 116). The plaintiff seeks the same relief in this motion that he sought in Dkt. No. 140—he wants the court to strike the nurse defendants' motion for summary judgment because he filed his first. Again, for the reasons stated above, the court will deny this motion.

8.  Nurse Defendants' Motion to Strike Plaintiff's Proposed Findings of Fact (Dkt. No. 151)

On November 17, 2016, the court received from the plaintiff submitted a document entitled "Proposed Findings of Fact." Dkt. No. 148. The nurse defendants filed a motion asking the court to strike these proposed findings of fact. Dkt. No. 151. The nurse defendants' argument that the findings the court received on November 17, 2016 make the same assertions as the findings he filed on October 27, 2016 in support of his motion for summary judgment (dkt. no. 109), and point out that they've already responded to those proposed findings. They also submit that all documents in support of a motion for summary judgment must be filed with the motion itself, as required in Fed. R. Civ. P. 56 and Civil L.R. 7(a)(1). Dkt. No. 151.

While defendants are correct that all documents in support of a motion for summary judgment should be filed together, the court can grant leeway to *pro se* litigants. The court also notes that collateral motions, such as motions to strike, are disfavored by the Local Rules. Civil L. R. 56(b)(9).

The court has reviewed the plaintiff's original proposed findings of fact, dkt. no. 109 (a twelve-page document with eighty-one proposed findings of fact), and the plaintiff's additional proposed findings of fact, dkt. no. 148 (a four-page document with forty-one proposed findings of fact). The subject matter of the findings of fact is generally the same, with differences in wording and emphasis, and the plaintiff cites to the same exhibits in support of his assertions. The court notes that many of the proposed findings of fact are argumentative; the court decides which factual findings to make based, not on argument, but on the facts themselves.

The court will deny the nurse defendants' motion to strike, and will consider the second set of proposed findings of fact as part of the plaintiff's motion. There is, however, no need for the defendants to respond to these proposed findings of fact.

9. Plaintiff's Motion to Compel (Dkt. No. 152)

On November 22, 2017, the court received another motion to compel from the plaintiff. Dkt. No. 152. In this motion, he asked the court to order the Kenosha County defendants to provide him with: (1) receipts for all of his canteen purchases and medical co-pays between October 3, 2014, and January 22, 2015; and (2) bed and cell assignments for October, November,

9

and December of 2014. Id. According to the plaintiff, the defendants refused to respond to these requests because they were untimely, but the plaintiff insists he has no control over the mail. Id.

The record shows that the plaintiff dated his discovery requests on October 8, 2016; the defendants received them on October 12, 2016. Dkt. No. 176 at 1. The court's amended scheduling order required the parties to serve discovery requests sufficiently early so that discovery could be completed by the October 10, 2016 discovery cutoff. It was not the *mail* that caused the plaintiff's discovery demands to be untimely, but the fact that the plaintiff did not serve them sufficiently early so that all discovery could be completed by October 10, 2016, as required by the court's amended scheduling order. The plaintiff's request was untimely, and the court will deny the plaintiff's motion to compel.

In addition, the court notes that the plaintiff has received the requested information. Dkt. No. 176 at 2. The canteen and medical co-pay receipts were attached to the Affidavit of Kim Manna, dkt. no. 168, that the defendants filed in support of their motion for summary judgment. Dkt. No. 176 at 2. The defendants produced the bed and cell assignment information to the plaintiff in response to a request asking for the same information in Case No. 14-cv-1078 (E.D. Wis.). Id.

10. <u>Butler's Motion to Strike Plaintiff's Proposed Findings of Fact (Dkt. No. 160)</u>

The court already has discussed the nurse defendants' motion to strike the proposed findings of fact that the plaintiff filed on November 17, 2016.

10

About a week after the plaintiff filed them, defendant Butler filed a separate motion to strike those same proposed findings. Dkt. No. 160. For the reasons the court stated in denying the nurse defendants' motion, the court will deny Butler's motion to strike. Again, however, the court notes that the defendant does not need to respond to the November 17, 2016 proposed findings of fact.

11. <u>Plaintiff's Motion for Extension of Time (Dkt. No. 171)</u>

On November 28, 2016, the court received a motion that the plaintiff called "Motion Under Federal Civil Procedure 56 Rule," and that the court docketed as a motion for extension of time. Dkt. No. 171. Apparently several exhibits the plaintiff referenced in his motion for summary judgment were not attached to his original motion. He submitted copies of three of the exhibits, and asked for sixty days to obtain new copies of the remaining exhibits—particularly Exhibit 42A, Dr. Hoftiezer's physician notes regarding "plaintiff's deplorable health in the 4 months he spent at the Kenosha County Jail." Id.; Dkt. No. 112 at 8. The court has reviewed, and will accept, the exhibits the plaintiff originally submitted with his motion for summary judgment, dkt. no. 112-1, and those that he submitted with this motion, dkt. no. 171-1.

The court will deny the plaintiff's request for additional time to obtain more documents. The discovery deadline expired some ten months ago. In that time, the plaintiff was able to obtain and submit treatment notes from Dr. Hoftiezer, and he could have submitted any additional treatment notes in the eight months since he filed this motion. Because he has not done so, the court

will limit the plaintiff to the record currently before the court when it considers the parties' motions for summary judgment.

12. <u>Plaintiff's Motion to Strike Response to his Motions (Dkt. No. 180)</u>

On December 8, 2016, the court received from the plaintiff an objection and motion to strike. Dkt. No. 180.

On November 18, 2016, the court received from the nurse defendants a brief in opposition to the plaintiff's motion for an extension of time, motion for leave to file excess pages, and motion for summary judgment. Dkt. No. 144. In his December 8, 2016 objection and motion to strike, the plaintiff asked the court to deem this response moot, because the attorney for the nurse defendants does not represent all of the defendants in the entire case. Dkt. No. 180 at 1. The court will deny the motion to strike; any party may respond to the opposing party's motions. And the nurse defendants' response primarily is their brief in response to the plaintiff's motion for summary judgment, and contains only passing reference to the other motions motions.

The plaintiff also asked the court to give him until March 17, 2017 to respond to the Kenosha County defendants' motion for summary judgment. Dkt. No. 180 at 1-2. He argued that he would be out of segregation by then, and would better be able to prepare his response. <u>Id.</u> Yet, as is the case with other motions for extensions of time the plaintiff has filed, he managed to timely file his response without an extension. The court received the plaintiff's materials in opposition to the Kenosha County defendants' motion for

summary judgment on December 19, 2016. Dkt. Nos. 193-96. This renders the plaintiff's request moot.

13. Plaintiff's Motion Under Rule 43(A), *Et Al.* (Dkt. No. 206)

Finally, on January 24, 2017, the court received from the plaintiff a document entitled "Motion Under Fed. R. Civ. P. 43(A), 614(A) & 801(d)(2)(A)." Dkt. No. 206. He asks to submit four pages of evidence regarding his cane being taken away. Id. Neither Rule 43(a) (which deals with testimony taken in open court), nor Federal Rule of Evidence 614(a) (entitled "Court's Calling or Examining a Witness"), nor 801(d)(2)(A) (indicating that a declarant-witness's prior statement is not hearsay) apply relate to the real question the plaintiff is asking: whether he can file additional documents after the parties' motions for summary judgment have been fully briefed. Nevertheless, in the interest of giving the plaintiff, who is representing himself, an opportunity to present evidence to the court in support of and in opposition to motions for summary judgment, the court will grant this motion, and will consider the documents the plaintiff submitted.

## CONCLUSION

The court **DENIES WITHOUT PREJUDICE** the plaintiff's third motion to appoint counsel. Dkt. No. 102.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 103.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time. Dkt. No. 138.

13

The court **DENIES AS MOOT** the plaintiff's motion for leave to file excess pages. Dkt. No. 139.

The court **DENIES** the plaintiff's Rule 62(B) motion to stay. Dkt. No. 140.

The court **DENIES** the plaintiff's motion to strike the Kenosha County defendants' motion for summary judgment. Dkt. No. 146.

The court **DENIES** the plaintiff's motion to strike the nurse defendants' motion for summary judgment. Dkt. No. 147.

The court **DENIES** the nurse defendants' motion to strike the plaintiff's proposed findings of fact. Dkt. No. 151.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 152.

The court **DENIES** defendant Karen Butler's motion to strike the plaintiff's proposed findings of fact. Dkt. No. 160.

The court **DENIES** the plaintiff's motion for extension of time. Dkt. No. 171.

The court **DENIES** the plaintiff's motion to strike. Dkt. No. 180.

The court **GRANTS** the plaintiff's motion under Rule 43(A), *et al.*. Dkt. No. 206.

Dated in Milwaukee, Wisconsin this 30th day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**