UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

v.                                          Case No. 14-C-1594

REBECCA SWENSON, et al.,

    Defendants.

**ORDER**

On March 1, 2018, the court granted defendants' motions for summary judgment and dismissed this case. ECF Nos. 233-36. About two weeks later, plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. Pro. 59(e) and a motion to appoint counsel. ECF Nos. 237, 241.

A Rule 59(e) motion may be granted where a party demonstrates that the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the court warrants the alteration or amendment of a previous judgment. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations and internal quotations omitted). The purpose of a Rule 59(e) motion is to enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.,* 194 F.3d 845, 848 (7th Cir. 1999).

It is not appropriate for a party "to advance arguments or theories that could and should have been made before the district court rendered judgment, or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted). Relief under Rule 59(e) is an "extraordinary remedy" that should be granted only in rare cases. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). The decision to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiff's motion is nothing more than an attempt to re-litigate the parties' summary judgment motions. He does not identify new evidence, changes in the controlling law, or a manifest error of law by the court. He disagrees with the court's decision, but disagreement is an inadequate basis to warrant the court altering or amending its previous judgment. The court will deny plaintiff's motion for reconsideration.

The court will also deny plaintiff's motion for counsel. Because this case is closed, plaintiff has no need for counsel.

**THEREFORE**, the court **DENIES** plaintiff's motion for reconsideration (ECF No. 237). The court also **DENIES** plaintiff's motion to appoint counsel (ECF No. 241).

Dated this   19th   day of March, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court